IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAMRONBEK NIGMATOV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-25-1515-SLP |
| KRISTI NOEM, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner, Kamronbek Nigmatov, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in part, the Petition. Both Petitioner and Respondents have filed an Objection [Doc. Nos. 12, 13] and each filed Responses to the other's Objections [Doc. Nos. 15, 16], and the matter is at issue. The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

I.  **Background**

Petitioner, a citizen of Uzbekistan, entered the United States around December 13, 2022, at the age of nineteen. Prior to his entry, Petitioner's uncle obtained a special findings order from a juvenile court that enabled Petitioner to seek Special Immigrant Juvenile (SIJ) status.[1] On December 16, 2022, he was placed into removal proceedings by U.S. Immigration and Customs Enforcement (ICE) but was released on his own recognizance. Since his December 2022 release, Petitioner has resided continuously in the United States and has not incurred any criminal convictions.

On December 2, 2024, USCIS approved Petitioner's I-360 self-petition, granting him SIJ status with deferred action and a priority date of August 29, 2024. *See* I-797 Notice [Doc. No. 1-1] (USCIS states Petitioner "warrant[ed] a favorable exercise of discretion to receive deferred action" which "will remain in effect for a period of four years from the date of this notice unless terminated earlier by USCIS"). A year later, on October 27, 2025, ICE re-arrested him. As set forth in the R&R, "[u]pon his detention, ICE issued a custody determination to continue [Petitioner's] detention without an opportunity to post bond or be released on other conditions." R&R at 3. While Petitioner states he requested a bond

---

[1] Beginning in 1990, Congress created Special Immigrant Juvenile (SIJ) status as part of the Immigration and Nationality Act (INA) to protect vulnerable immigrant children. *See* 8 U.S.C. § 1101(a)(27)(J); 8 U.S.C. § 1255(h). The intent of SIJ classification is to provide relief for certain noncitizen juveniles who have been subjected to abuse, abandonment, or neglect. *See Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1085 (9th Cir. 2025) (citations omitted). To qualify for SIJ status, petitioners must be under the age of 21 at the time of filing, unmarried, and physically present in the United States. 8 C.F.R. § 204.11(b). A state court must also declare the petitioner a ward of the court or commit the petitioner to the custody of "an agency or department of a State, or an individual or entity appointed by a State or juvenile court." 8 C.F.R. § 204.11(c); *see also* 8 U.S.C. § 1101(a)(27)(J).

hearing twice before an Immigration Judge (IJ), those requests were "denied because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the United States without admission or parole are ineligible for a bond hearing." *Id*. Petitioner has been continuously detained at Cimarron Correctional Facility in Cushing, Oklahoma since his re-arrest pursuant to the mandatory detention provision set forth in 8 U.S.C. § 1225(b)(2)(A).[2]

On December 15, 2025, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA), a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of the Administrative Procedures Act (APA). Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

While this action has been pending, and after the Magistrate Judge issued her R&R, USCIS issued a Termination Notice to Petitioner dated January 28, 2026. *See* [Doc. No. 12-1]. The Termination Notice, which is devoid of any explanation or reasoning, states that USCIS is terminating Petitioner's period of deferred action and revoking his employment authorization, though his SIJ status "remains approved." *Id.* As it relates to the revocation of his employment authorization, Petitioner had until February 15, 2026 to

---

[2] As of the date of this Order, Petitioner remains at Cimarron Correctional Facility. *See* https://locator.ice.gov/odls/#/results (last visited March 2, 2026).

submit "countervailing evidence" to USCIS, or else his employment authorization will be revoked. *Id.* The parties have not provided any further updates regarding this matter.

## II. Discussion

The Magistrate Judge issued a thorough and well-reasoned R&R and concluded that habeas relief should be granted, in part. As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims asserted by Petitioner.[3] The Magistrate Judge then recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period. The Magistrate Judge further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's Order. Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claim and APA claim.

Petitioner objects to the R&R on the grounds that the R&R acknowledged Petitioner's SIJ status but "treats that status as irrelevant to the detention classification analysis." Pet. Obj. [Doc. No. 12] at 2-3. This objection is unpersuasive, however, as the R&R did address Petitioner's SIJ status, concluding that his status bolsters the argument that § 1226 applies rather than § 1225 and rejecting Respondents' argument that Petitioner

---

[3] Respondents did not object to the R&R's conclusion that the Court has jurisdiction to review the Petition. *See generally*, Obj. [Doc. No. 13].

4

is not "seeking admission" under § 1225(b)(2).[4] *See* R&R [Doc. No. 11] at 19-20 (citing *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *6 (W.D. Wash. Nov. 26, 2025) (holding SIJ status "'weighs in favor' of a finding that a petitioner is not 'seeking admission' under § 1225(b)(2)" because "the rights conferred by SIJ status distinguish designees 'from arriving aliens who cannot lay claim to constitutional rights'") (citation omitted))).

Petitioner also objects on the grounds that the Magistrate Judge erred in not considering his due process claims. While Petitioner notes that "courts routinely adjudicate constitutional claims even when statutory relief is granted," Petitioner provides no authority requiring courts to do so that would support a conclusion that the Magistrate Judge erred. [Doc. No. 12] at 5. Because the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claims.[5] Accordingly, the Court finds Petitioner's objections lack merit.[6]

---

[4] Respondents do not specifically challenge the Magistrate Judge's finding that Petitioner's SIJ status supports the conclusion that he is not "seeking admission" under § 1225. *See generally* Resp. Obj [Doc. No. 13]. In fact, despite arguing to the Magistrate Judge that Petitioner's SIJ status is relevant to the analysis, [Doc. No. 9] at 16, Respondents now argue in response to Petitioner's objection that Petitioner's SIJ status "has no bearing" on the 1225/1226 analysis. *See* [Doc. No. 16] at 5. Thus, it appears Respondents abandoned their initial argument but regardless, because this conclusion was not challenged in their Objection, the issue is waived and the Court need not address it.

[5] To this end, Petitioner raises the due process claims in rather conclusory and unclear terms, and his arguments throughout his Objection are largely underdeveloped.

[6] Petitioner's remaining objections are better characterized as arguments re-urged that are either largely in accordance with the R&R's conclusions or wholly irrelevant to the R&R. *See e.g.*, Pet. Obj. [Doc. No. 12] at 3 (arguing that "applicant for admission" is not the same as "seeking

5

Respondents also object to the R&R.  Respondents argue that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[7] in district courts within the Tenth Circuit,[8] and across the country[9] to have addressed the same issues as those raised by Petitioner.[10]  The Court's decision is also in accord with the Seventh Circuit, which rejected

---

admission," which the R&R likewise concludes); *id.* at 4 (arguing the *Matter of Yajure Hurtado* does not control – a conclusion not reached in the R&R).  To the extent that Petitioner objects to the Government terminating his deferred action, Petitioner provides no authority that the Court can properly consider such an argument when first raised in an objection briefing regarding an R&R.  Accordingly, the Court declines to consider this argument.  In doing so, the Court makes no substantive ruling regarding whether this argument would merit habeas relief if raised properly before the Court.

[7] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[8] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[9] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[10] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5

the statutory interpretation of §1225(b)(2) as urged by Respondents. *See Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART as follows:

1.	Count I of the Petition is GRANTED and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2.	Counts II and III are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten (10) days of this Order.  The status report shall detail whether Petitioner was provided a bond hearing or has been released, including the associated dates with either action.  If a bond hearing is provided, the status report shall advise as to the outcome of the hearing or shall attach a copy of the IJ's bond order.

A separate judgment shall be entered.

---

(W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

IT IS SO ORDERED this 4th day of March, 2026.

                                                                                                                      *[signature]*
                                                                                                                      **SCOTT L. PALK**
                                                                                                                      **UNITED STATES DISTRICT JUDGE**