**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KAMRONBEK NIGMATOV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    Case No. CIV-25-1515-SLP |
| KRISTI NOEM, et al., | ) |
| | ) |
| Respondents. | ) |

## **O R D E R**

The Court is in receipt of a Motion to Show Cause filed by Petitioner Kamronbek Nigmatov [Doc. No. 19]. The Motion seeks an order requiring "Respondents to show cause why they should not be found to have failed to comply with this Court's prior habeas order requiring a bond hearing." *Id.* at 1. However, it is undisputed that Petitioner received a bond hearing at which the Immigration Judge (IJ) denied bond. *See* Bond Order [Doc. No. 19-1]. Accordingly, based on the Court's limited review, it appears Respondents complied with the Court's Order requiring a bond hearing. Petitioner nevertheless contends that Respondents "did not provide a meaningful, reasoned custody determination" and appears to request that this Court review the IJ's bond determination and deem it noncompliant with the Court's previous Order. [Doc. No. 19] at 1, 4. Upon review, the Motion is STRICKEN.

The Motion presents several issues. First, the attached exhibits contain sensitive personal information of third parties, including the full names of minor children and unredacted social security numbers. These materials have not been redacted as required

by the privacy protection provisions of Rule 5.2(a) of the Federal Rules of Civil Procedure. On this basis, the Court strikes the Motion without prejudice and directs the Clerk of Court to seal the filing.

Second, although not the basis for striking the Motion, the Court notes that Petitioner cites no legal authority in support of the requested relief. The eight-page Motion does not cite a single case or other authority demonstrating that this Court has jurisdiction to review discretionary custody determinations made by an IJ, particularly under circumstances such as those presented here. Counsel is admonished that future filings must include citation to appropriate legal authority. *See State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 885 (10th Cir. 2021) ("[C]ourts do not sit as self-directed boards of legal inquiry and research." (quoting *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 147 n.10 (2011))).

Finally, the Motion is ambiguous as to the factual and procedural status referenced in the Motion and the attached Bond Order. *See* Bond Order [Doc. No. 19-1] ("NOTE: Post individual hearing, a final order of removal was entered in this case on February 3, 2026. This hearing took place pursuant to a Fed District Court order in the WDOK."). Because this Court entered its Order requiring a bond hearing on March 4, 2026, it is unclear what proceeding the referenced "individual hearing" concerns, and the Motion provides no explanation. Should Petitioner choose to refile the Motion, counsel is cautioned that failure to address the deficiencies identified herein may result in summary disposition.

IT IS THEREFORE ORDERED that Petitioner's Motion to Show Cause [Doc. No. 19] is STRICKEN without prejudice for failure to comply with the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 16th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

3