# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KAMRONBEK NIGMATOV,                          )
                                             )
    Petitioner,                          )
                                             )
v.                                           )
                                             )    Case No. CIV-25-1515-SLP
KRISTI NOEM, et al.,                         )
                                             )
    Respondents.                         )

## **O R D E R**

The Court is in receipt of a Motion to Enforce with Brief in Support filed by Petitioner Kamronbek Nigmatov [Doc. No. 22]. The Motion states that following this Court's Order requiring Respondents to provide Petitioner with a bond hearing, Petitioner was given a bond hearing which was denied on the basis that Petitioner presents a flight risk. *Id.* at 2. The Motion argues—in a wholly conclusory fashion and without citation to any authority—that the order denying bond is "deficient" and "not enough" because it contained "no factual findings, no explanation of what evidence was credited, no discussion of why Petitioner allegedly presents a flight risk, and no reasoned basis from which the Court can determine whether the hearing complied with its order for a lawful § 1226(a) bond hearing." *Id.* at 2–3. The Motion, however, does not contain a single citation to legal authority in support of this conclusory argument beyond a passing reference to a regulation which requires a decision regarding a bond to be "entered on the appropriate form" and "the parties shall be informed orally or in writing of the reasons for

the decision." 8 C.F.R. § 1003.19(f). Thus, this regulation does not support a conclusion that an Immigration Judge (IJ) must detail the reasons for denial in the bond order.

The Motion is functionally a refiling of Petitioner's previous Motion to Show Cause [Doc. No. 19] which made the same arguments and sought the same relief—another bond hearing. The Court struck that filing for violating the Federal Rules of Civil Procedure. Order [Doc. No. 20]. Notably, in that Order, the Court made the following observation and admonishment:

> Second, although not the basis for striking the Motion, the Court notes that Petitioner cites no legal authority in support of the requested relief. The eight-page Motion does not cite a single case or other authority demonstrating that this Court has jurisdiction to review discretionary custody determinations made by an IJ, particularly under circumstances such as those presented here. **Counsel is admonished that future filings must include citation to appropriate legal authority.** *See State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 885 (10th Cir. 2021) ("[C]ourts do not sit as self-directed boards of legal inquiry and research." (quoting *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 147 n.10 (2011))) . . . **Should Petitioner choose to refile the Motion, counsel is cautioned that failure to address the deficiencies identified herein may result in summary disposition.**

*Id.* (emphasis added). Despite this admonishment, Petitioner's current Motion does not address the deficiencies. Accordingly, Petitioner's Motion is DENIED.

IT IS THEREFORE ORDERED that Petitioner's Motion to Enforce with Brief in Support [Doc. No. 22] is DENIED.

IT IS SO ORDERED this 2nd day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

2

3